POLEN, Judge.
The appellee in this case was charged by petition for adjudication of delinquency on November 9, 1990. The alleged crime was grand theft of an automobile, a third degree felony. The speedy trial period was to run on December 27, 1990, which is undisputed.
On December 19, 1990, the case went to calendar call and was continued by the court. There was another continuance ordered on January 2, 1991, and neither continuance was attributable to the defense. On January 11, 1991, the defense mailed a motion to discharge to the office of the state attorney and to the clerk of court, but the motions were received by each party and duly filed on January 14, a Monday. The mailing was accomplished by an inter-county mail system as opposed to the U.S. Postal Service.
On January 22, 1991, there was a hearing on the appellee’s motion for discharge. The defense argued that according to the Rules of Juvenile Procedure, the motion had to be argued within five days of service which took place at the time of mailing. Thus, according to the defense, the appellee was entitled to be discharged because the hearing was taking place too late. The state argued that the trial court was bound to order the appellee to trial within ten days of the hearing and that the hearing was timely under, the rules.
The trial court granted the appellee’s motion for discharge and the state appealed. We reverse because we find that the hearing on the motion to discharge was timely and therefore the Rules of Juvenile Procedure required the court to order a trial within ten days of the hearing.
Florida Rule of Juvenile Procedure 8.180(j) provides that the court shall hold a hearing no later than five days from the date of the filing of a motion for discharge. The motion for discharge in the case at bar was filed on January 14,1991, as evidenced by the stamps from the clerk’s office and the state attorney’s office as well. Five days after that date, exclusive of weekends and legal holidays, was January 22, 1991. Monday the 21st was Martin Luther King, Jr. holiday.
Thus, the hearing was held on the fifth day from the filing of the motion for discharge as required by rule 8.180(j)(3). According to the rule, the trial court should have then ordered that the appellee be brought to trial within ten days.
We reverse the order of discharge and order that the appellee be brought to trial. The time within which the appellee must be brought to trial after this mandate is passed down is obscure based on current research. It would seem impractical and rather foolish to reverse the trial judge’s ruling just for the sake of reversal, as we realize that after nine months in the appeal process the state will hardly be able to bring the appellee to trial within ten days of the mandate.
*622 Accordingly, we instruct the trial judge to apply rule 8.180(e)(3) pertaining to exceptional circumstances warranting extensions of time. The trial court shall determine how long it will reasonably take for the State to bring the appellee to trial and for the appellee to prepare a defense. The trial court will then order that a trial take place as soon as possible thereafter.
REVERSED AND REMANDED.
DOWNEY and DELL, JJ., concur.